

FILED

SEP 1 3 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-11219-A-13
                                         DC No. NEA-4
KEVIN THOMAS and JENNIFER THOMAS

            Debtor.
_____/

MEMORANDUM DECISION REGARDING
MOTION TO CONFIRM
DEBTORS' SECOND MODIFIED PLAN

The debtors, Kevin and Jennifer Thomas, have proposed a Second Amended Chapter 13 Plan.  They filed their bankruptcy case February 8, 2010, and filed an initial plan at that time.  They filed an Amended Plan on March 10, 2010, and the Second Amended Plan at issue here (the "Plan") on April 9, 2010.

The trustee has opposed confirmation on the grounds that the treatment of GMAC and Toyota Motor Credit Corporation ("Toyota") does not comply with Bankruptcy Code § 1325.  The Plan places both creditors in Class 2.  GMAC has a claim secured by a 2009 car.  The Plan lists the amount as $18,037.04.  The proposed interest rate is 0%.  The monthly dividend is $300.61.

The Plan shows Toyota as secured by a 2008 minivan, with a claim of $24,362.77, an interest rate of 0%, and a monthly dividend of $425.94.

In their brief in support of confirmation, the debtors indicated that showing the interest for Toyota as 0% was an

1

error.   Instead, the debtors propose an interest rate in the Plan for Toyota of 1.9%.

Both GMAC and Toyota timely filed proofs of claim in February 2010.   Toyota's proof of claim shows a secured claim of $22,631.19 at 1.9% interest.   The last payment is due August 2013.   Toyota's proof of claim also states that the claim is a "910 claim."

GMAC filed a proof of claim showing a secured claim in the amount of $17,420.76 with an annual interest rate of 0%.   The last payment is due July 2014.   GMAC also states in its proof of claim that this interest rate "may not reflect rate entitled to under *In re Till*."

The Plan pays other secured creditors as well; pays tax claims; and contemplates paying unsecured creditors an 18% dividend.   The Plan commitment period is 60 months.   Thus payments in the Plan to GMAC and Toyota extend longer than the contractual period of those payments.

In the notice of motion to confirm the Plan, the debtors state that "the failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the granting of the motion."   The proof of service of the notice of motion to confirm the Second Modified Plan shows that GMAC was served in April 2010 at a post office box in Glendale, Arizona. The proof of claim for GMAC states that the name and address where notices should be sent is "GMAC, P. O. Box 130424, Roseville, MN 55113."

The notice of motion to confirm the Plan was served in April 2010 on Toyota at a post office box in City of Industry,

2

California.  Toyota's proof of claim states that notices should
be sent to "Toyota Motor Credit Corporation, 3200 West Ray Road,
Chandler, AZ 85226."  Neither Toyota nor GMAC filed a request for
notice in the case.  Both were served with the notice of motion
to confirm plan <u>after</u> their proofs of claim were filed.

The chapter 13 trustee has opposed confirmation on the
grounds that the Plan does not comply with Bankruptcy Code
§ 1325(a)(5)(B)(ii).  This is because the Plan does not pay
Toyota or GMAC a rate of interest to compensate for the delay in
paying their claims in full.  In other words, by giving Toyota an
interest rate of  1.9% and GMAC an interest rate of 0%, the Plan
fails to provide them with the present value of their claims.
Although neither creditor objected to confirmation, the trustee
asks the court to determine that because the Plan contains
"improper" or "illegal" provisions with respect to present value,
it should not be confirmed.  The chapter 13 trustee asserts that
he has standing to object to confirmation of a plan that fails to
treat secured creditors appropriately under § 1325(a)(5) and also
asserts that the court has the duty independently to review
whether secured creditors receive present value.

The debtors essentially disagree with each of the trustee's
arguments.

In order to approach a decision, it is first necessary to
review the language of Bankruptcy Code § 1325.  Section 1325(a)
states that with exceptions provided in subsection (b) of § 1325,
the court shall confirm a plan if it meets certain requirements.
Among those requirements is the requirement of      § 1325(a)(1)
that the plan comply with the provisions of chapter 13 and with

3

the other applicable provisions of the Bankruptcy Code.

Section 1325(a)(5) provides, as relevant here, that

"With respect to each allowed secured claim provided for by
the plan -
         (A) the holder of such claim has accepted the plan;
         (B)(i) the plan provides that -
                 (I) the holder of such claim retain the lien
securing such claim until the earlier of -
                         (aa) the payment of the underlying debt
determined under nonbankruptcy law; or
                         (bb) discharge under section 1328; and
                 (II) if the case under this chapter is dismissed
or converted without completion of the plan, such lien shall
also be retained by such holder to the extent recognized by
applicable nonbankruptcy law; and
                 (ii) the value, as of the effective date of the
plan, of property to be distributed under the plan on
account of such claim is not less than the allowed amount of
such claim; and
                 (iii) if -
                 (I) property to be distributed pursuant to this
subsection is in the form of periodic payments, such
payments shall be in equal monthly amounts; and
                 (II) the holder of the claim is secured by
personal property, the amount of such payments shall not be
less than an amount sufficient to provide to the holder of
such claim adequate protection during the period of the
plan; or
         (C) the debtor surrenders the property securing such
claim to such holder;"

Neither GMAC nor Toyota objected to confirmation of the

Plan.  A number of courts have held that creditors need not

affirmatively indicate approval of a plan in order for §

1325(a)(5)(A) to be satisfied.

See, Shaw v. Aurgroup Financial Credit Union, 552 F.3d 447 (6th

Cir. 2009); In re Jones, 530 F.3d 1284 (10th Cir. 2008); In re

Andrews, 49 F.3d 1404 (9th Cir. 1995).  The Shaw court stated:

"As we have previously indicated, however, if a secured
creditor fails to object to confirmation, the creditor will
be bound by the confirmed plan's treatment of its secured
claim under § 1325(a)(5).  This is because the failure to
object constitutes acceptance of the plan.  And a creditor's
acceptance of a chapter 13 plan is one way to satisfy the
requirements of § 1325(a)(5) with respect to that creditor's
allowed secured claim."

1

2  <u>Shaw</u>, 552 F.3d at 457.  The court went on to say:

3      "In short, when the holder of an allowed secured claim does
       not object, the court may interpret this silence as
4      acceptance under § 1325(a)(5)(A); under these circumstances,
       the plan need not meet the requirements set forth in
5      § 1325(a)(5)(B), including the present-value requirement."
       <u>Id.</u>

6

7      The Tenth Circuit decision in <u>Jones</u> agreed, in almost

8  identical language.

9      In a much older case, the Ninth Circuit in <u>Andrews</u> expressed

10 a similar view.

11     "Here, § 1325(a)(5) is fulfilled because subsection (A) was
       satisfied when the holders of the secured claims failed to
12     object.  In most instances, failure to object translates
       into acceptance of the plan by the secured creditor. . . .
13     The acceptance by the secured creditors here satisfies
       § 1325(a)(5)(A) . . . ."

14

15     An Idaho bankruptcy case also considered this issue.  <u>In re</u>

16 <u>James</u>, 260 B.R. 498 (Bankr. Idaho 2001).  In that case, Judge

17 Pappas stated that "the case law makes clear that if the holder

18 of an allowed secured claim provided for by a plan fails to

19 object to confirmation of the plan, § 1325(a)(5)(A) is

20 satisfied."  <u>Id.</u>, at 503.

21     Thus, the weight of the case law is that when it comes to

22 whether it is necessary to provide present value under § 1325(a)

23 (5)(B)(ii), the failure of a secured creditor to object to

24 confirmation will be deemed acceptance of the plan so that the

25 requirement of § 1325(a)(5)(A) is satisfied.  That is, if the

26 holder of a secured claim accepts the plan, it is not necessary

27 to satisfy the present value requirement.  Of course, creditors

28 do not vote to accept or reject a chapter 13 plan, in contrast

1   with chapter 11.

2       Does the chapter 13 trustee have standing to raise the issue

3   of compliance with § 1325(a)(5)?  <u>In re Andrews</u> is helpful on

4   this point as well.  In that case, the trustee objected to

5   confirmation. The court characterized the issue as

6       "whether a Chapter 13 trustee has standing to object to a
    plan that fails to meet *all* the requirements necessary for

7       confirmation. . . . the primary purpose of the Chapter 13
    trustee is not just to serve the interests of the unsecured

8       creditors, but rather, to serve the interests of all
    creditors."

9

10  <u>In re Andrews</u>, at 1307.  The court goes on to say that

11      "In reviewing the plan for confirmation, the Chapter 13
    trustee may object if the plan fails to conform to all

12      requirements in the Bankruptcy Code, not just § 1325(a)(5)."

13      In <u>Andrews</u>, the secured creditors had not themselves

14  objected.  The Ninth Circuit was persuaded that that their

15  failure to object constituted acceptance and that for that

16  reason, it was irrelevant whether the chapter 13 trustee had

17  standing under § 1325(a)(5).

18      The bottom line, however, is that the chapter 13 trustee has

19  standing under § 1325(A)(1), which subsumes § 1325(a)(5).

20      Does the court have a duty to review a plan for compliance

21  with § 1325(a)(5) even where the secured creditor has not

22  objected to confirmation?  The trustee's argument here is worth

23  setting out.  The trustee stated:

24      "Many courts have held that the Bankruptcy Court has a
    responsibility to determine whether the confirmation

25      requirements of 11 U.S.C. § § 1322 and 1325 are satisfied,
    notwithstanding the absence of an objection to confirmation

26      by a creditor or the Trustee.  <u>In re Warren</u>, 89 B.R. 87
    (B.A.P. 9th Cir. 1988).  This duty was recently reaffirmed

27      by the Supreme Court in <u>United Student Aid Funds, Inc. v.</u>
    <u>Espinosa</u>,_____ 559 U.S. _____ 2010, where the court stated:

28

                           6

'In other contexts, we have held that courts have the
discretion, but not the obligation, to raise on their
own initiative certain nonjurisdictional barriers to
suit.  See Day v. McDonough, 547 U.S. 198, 202, 209
(2006)(statute of limitations); Granberry v. Greer, 481
U.S. 129, 134 (1987)(habeas corpus petitioner's
exhaustion of state remedies).  Section 1325(a) does
more than codify this principle; it **requires** bankruptcy
courts to address and correct a defect in a debtor's
proposed plan even if no creditor raises the issue.'

Espinosa, ___ 559 U.S. at _____ 2101. (emphasis added).

Does Espinosa require a Bankruptcy Court to determine
whether the provisions of 11 U.S.C. § 1325(a)(5)(B)(ii) are
satisfied even if the creditor or Chapter 13 Trustee does
not object to confirmation of a Chapter 13 plan?  If the
trustee did not object to the treatment of GMAC's claim
under 1325(a)(1) and does not have standing under
1325(a)(5)(A), then must the court review and raise the
issue?  If silence constitutes acceptance of the provisions
contained in a Chapter 13 plan, then 11 U.S.C. §
1325(a)(5)(A) should apply and the Chapter 13 plan should be
confirmed.  Otherwise does the Bankruptcy Court have the
ability to trump acceptance of a Chapter 13 plan based on
silence by a creditor or the Chapter 13 Trustee?"

The Espinosa case arose in the context of a chapter 13 plan

that proposed to discharge a student loan debt without an

adversary proceeding to determine undue hardship.  After

concluding that the student loan creditor in the case had

forfeited its argument by failing to raise a timely objection,

the Supreme Court went on to consider what should have happened

in the Espinosa case.  The Court characterized the requirement

for a determination of undue hardship to discharge a student loan

debt as "self executing" and stated that failure to comply with

that requirement should prevent confirmation of a plan even if

the creditor fails to object.  United Student Aid Funds, Inc. v.

Espinosa, 130 S. Ct. 1367, 1381 (2009).  The Court explained:

"That is because § 1325(a) instructs the bankruptcy court to
confirm a plan only if the court finds, *inter alia*, that the
plan complies with the applicable provisions of the Code.

7

§ 1325(a)(providing that a bankruptcy court shall confirm a
plan if the plan complies with the provisions of Chapter 13
and with other applicable provisions of this title) . . . .
(internal quotation marks and citations omitted.)  Thus,
contrary to the [Ninth Circuit] Court of Appeals' assertion,
the Code makes plain that bankruptcy courts have the
authority - indeed, the obligation - to direct a debtor to
conform his plan to the requirements of §§ 1328(a)(2) and
523(a)(8)."

<u>Id</u>. at 1381.

But is the requirement for provision of present value in the
absence of acceptance of a chapter 13 plan by a secured creditor
the kind of compliance about which the court in <u>Espinosa</u> was
speaking?  A few examples may be helpful here.  In <u>Shaw</u>, the
Sixth Circuit considered a plan that failed to comply with the
so-called "hanging paragraph" of § 1325(a).  In other words,
debtor Shaw had purchased a vehicle within 910 days of filing her
bankruptcy petition.  In her chapter 13 plan, she proposed to
retain ownership of the car and pay about $9,000 less than she
owed to the creditor with interest.  The creditor and the
bankruptcy trustee objected to confirmation on the ground that it
did not satisfy the "hanging paragraph."  Under the hanging
paragraph, because the car had been purchased within 910 days of
filing the petition, the creditor secured by the car was entitled
to be paid in full with interest.

After concluding that the requirements of § 1325 are
mandatory, not discretionary, the court went on to conclude that
a plan that did not comply with the hanging paragraph could not
as a matter of law be confirmed.

An even more helpful case is <u>In re Montoya</u>, 341 B.R. 41
(Bankr. D. Utah 2006).  In that case, Montoya had purchased a
vehicle within 910 days of filing her bankruptcy case.  Her

8

chapter 13 plan proposed to bifurcate the car creditor's secured

claim and to pay the secured value in full and only pay a small

portion of the unsecured balance.  The creditor failed to file an

objection despite the fact that its claim was being treated

contrary to the requirements of the hanging paragraph.  The

debtor and the chapter 13 trustee argued that the court should

still confirm the plan because the creditor had failed to object.

After all, one way to satisfy the requirements of § 1325(a)(5)

for secured claims is that the holder of the claim accepts the

plan.  And, numerous courts have concluded that failure to object

constitutes acceptance.  Thus, should not a bankruptcy court rule

that if a creditor with a "910 claim" fails to object, the debtor

is free to bifurcate the claim?  The Utah court concluded that

this treatment would not work.  The court's language is cogent.

> "The Chapter 13 Trustee and the Debtor broadly contend that
> failure to object to a properly noticed plan constitutes
> acceptance of the plan.  This position overstates the case
> because the parties improperly combine two significantly
> different concepts and Code sections.  It is correct that,
> if a plan is properly noticed and otherwise meets the
> requirements of § 1325(a), the Court may deem a secured
> creditor's silence to constitute acceptance of a plan and
> the plan may be confirmed.  This 'implied' acceptance is
> allowed because Chapter 13, unlike Chapter 11, has no
> balloting mechanism to evidence acceptance of a proposed
> plan, and it is only the negative - a filed objection - that
> evidences the lack of acceptance.  when the creditor simply
> does nothing, the judicial doctrine of 'implied' acceptance
> fills the drafting gap in the Code.  <u>The concept of implied
> acceptance of an otherwise compliant plan, or even voting on
> similar provisions in Chapter 11, however, is quite
> different from proposing a plan intentionally inconsistent
> with the Code and then waiting for the trap to spring on a
> somnolent creditor.</u>  Creditors are entitled to rely on the
> few unambiguous provisions of the BAPCPA for their
> treatment.  They should not be required to scour every
> Chapter 13 plan to ensure that provisions of the BAPCPA
> specifically inapplicable to them will not be inserted in a
> proposed plan in the debtor's hope that the improper secured
> creditor treatment will become *res judicata*."

1  <u>Id.</u> at 45. (emphasis added.)

2       Thus, the <u>Montoya</u> court and <u>Espinosa</u> and the <u>Shaw</u> court
3  distinguish between two different concepts.  First is the idea
4  that a plan intentionally inconsistent with the Code ought not to
5  be confirmed even in the absence of objection.  Good examples are
6  a plan that attempts to discharge a student loan claim without a
7  proper proceeding to determine undue hardship and a plan that
8  improperly bifurcates a 910 claim into a secured and an unsecured
9  portion.

10       Another example is a plan that provides for payments over a
11  period that is longer than five years in contravention of
12  Bankruptcy Code § 1322(d).  <u>See</u>, <u>In re Russell</u>, 2010 WL 2671496
13  (Bankr. E. D. Va. June 30, 2010).  Interestingly, the <u>Russell</u>
14  court distinguished the acceptance requirement of § 1325(a) from
15  being the sort of "illegal provision" that would preclude
16  confirmation of a plan.  While denying confirmation on grounds
17  that included the plan's attempt to reamortize the debt over a
18  period exceeding the term of the plan, the court also stated that
19  since the creditor had not objected to the interest rate, the
20  court need not decide that issue.  <u>Id</u>., at fn. 9.

21       On the other hand, the treatment of secured creditors
22  required by § 1325(a)(5) is in the disjunctive.  There are three
23  possible ways of satisfying § 1325(a)(5).  First, the holder of
24  the secured claim may accept the plan.  Second, the plan may
25  provide for present value to be paid.  Or, third, the debtor may
26  surrender the property securing the claim to the holder of the
27  claim.  In determining whether the holder of the claim has
28  accepted the plan, courts generally conclude that silence equals

10

acceptance.

And there are good policy reasons for distinguishing the requirements of § 1325(a)(5) and concluding that silence equals acceptance.   If it is necessary for the debtor to establish that he is paying the secured creditor the present value of a claim, the requirements of the Supreme Court decision in <u>Till v. SCS Credit Corporation</u> must be met.   124 S.Ct. 1951 (2004).   In <u>Till</u>, the Supreme Court concluded that the appropriate approach to determine present value is to start with the national prime rate and then adjust upward as appropriate for risk.   The court stated

> "The approach then requires a Bankruptcy Court to adjust the prime rate accordingly.   The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan. . . .   Moreover, starting from a considerably *low* estimate and adjusting *upward* places the evidentiary burden squarely on the creditors, who are likely to have readier access to any information absent from the debtor's filing . . . ."

<u>Id</u>.

The requirement of present value is not self-executing.   It requires evidence and it requires proof.   It is the creditor who has the burden of proof.   In this sense, it is very unlike the required treatment of a 910 claim, the requirement for a proceeding to establish undue hardship in order to discharge a student loan debt, the requirement to be current on domestic support obligations ( § 1325(a)(8)), the requirement that all applicable tax returns be filed ( § 1325(A)(9)), or the requirement that the debtor who files chapter 13 be eligible for chapter 13 ( § 109(b)).   Those requirements are all within the scope of the Supreme Court's admonition to bankruptcy courts.

If failure to object to confirmation of a chapter 13 plan

1  constitutes acceptance under § 1325(a)(5)(A), then a necessary
2  predicate is adequate service of the motion to confirm the plan
3  and the plan and adequate notice to the creditors who are treated
4  in the plan.
5      Federal Rule of Bankruptcy Procedure 2002(b) requires 28
6  days notice by mail of the time fixed for filing objections and a
7  hearing to consider confirmation of a chapter 13 plan.   Rule
8  2002(g) states:
9          "(1) Notices required to be mailed under Rule 2002 to a
           creditor, indenture trustee, or equity security holder shall
10         be addressed as such entity or an authorized agent has
           directed in its last request filed in a particular case.
11         For the purposes of this subdivision - -
12             (A) a proof of claim filed by a creditor or indenture
           trustee that designates a mailing address constitutes a
13         filed request to mail notices to that address, unless a
           notice of no dividend has been given under rule 2002(e) and
14         a later notice of possible dividend under Rule 3002(c)(5)
           has not been given; and
15
               (B) a proof of interest filed by an equity security
16         holder that designates a mailing address constitutes a filed
           request to mail notices to that address."
17
18      Thus it would appear that it is necessary to give notice to
19  creditors who have filed proofs of claim at the address on the
20  proof of claim. But that did not occur here. The Notice of Motion
21  to Confirm Plan was served well after both secured creditors had
22  filed proofs of claim.
23      The Bankruptcy Appellate Panel for the First Circuit has
24  considered the notice issue in In re Flynn, 482 B.R. 437 (10th
25  Cir. BAP 2009).   There the BAP considered whether secured
26  creditor's lack of objection to confirmation of a plan could be
27  deemed to be acceptance for purposes of § 1325(a)(5)(A) - the
28  same issue as this case presents.   The panel observed that courts

1  that have considered the question have overwhelmingly concluded

2  that a secured creditor's lack of objection may constitute

3  acceptance of the plan for purposes of § 1325(a)(5)(A).  The

4  panel adopted the Third Circuit's view that acceptance may occur

5  upon a secured creditor's failure to file a timely objection to a

6  chapter 13 plan.  The court went on to say that:

7      "Implied consent requires, however, that the secured
        claimholder has received both proper and adequate notice and
8      proper and adequate service.  Proper and adequate notice is
        a highly factual inquiry and necessarily depends on the
9      language in the plan and the context of the case.  Indeed,
        the very nature of due process negates any concept of
10     inflexible procedures universally applicable to every
        imaginable situation [citations and internal quotations
11     omitted].  At a minimum, due process requires that a proper
        and adequate notice contain a clear, open, and explicit
12     statement of a secured creditor's treatment in a chapter 13
        plan before the creditor's failure to object will be deemed
13     implied acceptance."

14 Id., at 444.

15     The bankruptcy court in a Maryland case agreed.  In re

16 Davis, 411 B.R. 225 (Bankr. D. Maryland 2008).  In that case, the

17 court stated:

18     "A number of courts have opined that in chapter 13, unlike
        chapter 11, the failure by a secured creditor to object to
19     confirmation of the plan which provides for the claim of
        such creditor, constitutes an acceptance by the creditor of
20     the plan.  Under the specific facts of this case, this court
        agrees with that holding.  However, the court finds that
21     this doctrine can be applied only after strictly reviewing
        whether constitutionally mandated notice of the proposed
22     treatment has been afforded to the effected creditor as
        required by due process."

23

24 Id., at 229.

25     The rules about notice are not written on a blank slate.

26 Rather, they are an attempt to give parties due process.  Of

27 course, due process requires notice that is "reasonably

28 calculated, under all the circumstances, to apprise interested

13

1  parties of the pendency of the action and afford them an

2  opportunity to present their objections."  Mullane v. Central

3  Hanover Bank and Trust Co., 339 U.S. 306, 314 (1950).

4       Here, the Notice of Motion to Confirm Debtors' Second

5  Modified Plan clearly stated that a confirmation hearing would be

6  held on the date set forth in the notice.  It stated the time by

7  which opposition was to be filed and on whom opposition must be

8  served.  The motion to confirm the Plan, served along with the

9  notice, included a copy of the Plan and also stated at ¶ 4(E:

10          "each holder of an allowed secured claim will retain its
            lien under the Debtors' Second Modified Chapter 13 Plan and
11          the Plan proposes to pay each such holder value, as of the
            effective date of the Plan, equal to the value of the
12          creditor's collateral."

13      The Plan attached to the notice states that the interest

14  rate to be paid to GMAC and to Toyota is 0%.  Thus, the language

15  of the motion is inconsistent with the Plan itself.  Further, by

16  the time the motion to confirm the second modified plan was

17  served on April 12, 2010, both GMAC and Toyota had filed proofs

18  of claim setting forth the address at which service of all

19  notices should be sent.  Neither creditor was served at the

20  address on the proof of claim.[1]

21  _____

22      [1]In the Eastern District of California, if a chapter 13 plan
    is filed when the case is filed, and if no creditor or the
23  trustee objects to plan confirmation, confirmation of the plan
    will be based on the plan and the notice given of the plan to
24  creditors shortly after the case is filed and before proofs of
    claim are filed.  In that context, a debtor would not be able to
25  serve a creditor at the address on the proof of claim because no
    proof of claim would have been filed.  However, creditors could
26  still be served in a manner calculated to provide notice.  See,
    for instance, Fed. R. Bankr. P. 7004 with respect to notice.
27  Because that is not the issue presented here, the court does not
    reach it.
28

                                14

1   The court concludes, with the great weight of case
2   authority, that silence by a secured creditor who is properly
3   noticed is sufficient to constitute acceptance for the purposes
4   of Bankruptcy Code § 1325(a)(5)(A).  However, in this case,
5   notice was inadequate.  First, the motion to confirm incorrectly
6   stated that creditors would receive the present value of their
7   claims.  Second, well after the proofs of claim were filed, the
8   debtor failed to serve the creditors at the addresses set forth
9   on those proofs of claim.
10   For the foregoing reasons, confirmation of the debtors'
11   second amended chapter 13 plan filed April 9, 2010, is denied.
12   DATED:

13        9/13/10

14                                 _____
15                                 WHITNEY RIMEL, Judge
                                   United States Bankruptcy Court
16
17
18
19
20
21
22
23
24
25
26
27
28

15